UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE RED ROOF INNS, INC. DATA INCIDENT LITIGATION | : <br><br> : <br><br> : | Case No. 2:23-cv-4133 <br> Chief Judge Sarah D. Morrison <br> Magistrate Judge Chelsey M. Vascura |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is now before the Court on the Plaintiffs' Motion for Attorney's Fees, Expenses, and Class Representative Service Awards, and Motion for Final Approval of Class Action Settlement (ECF Nos. 29–30.) On August 5, 2025, the Court held a fairness hearing on the Motions. For the reasons below, the Motions are **GRANTED**.

**WHEREAS**, a consolidated class action is pending in this Court entitled *In re Red Roof Inns, Inc. Data Incident Litigation*, Case No. 2:23-cv-04133-SDM-CMV[1] (the "Action");

**WHEREAS**, Plaintiffs Rebecca Richardson, Vail Pinkston McCall, and Viomar Sena, individually and on behalf of all others similarly situated and Defendant Red Roof Inns, Inc. have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the

---

[1] There are two other pending member cases before the Court: Case Nos. 2:23-cv-4171 and 2:23-cv-4190.

above-captioned action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

**WHEREAS**, by Order dated April 10, 2025 (ECF No. 28), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) appointed Plaintiffs as Class Representatives; (d) appointed Class Counsel as counsel for the Settlement Class; (e) appointed RG2 Claims Administration LLC as Settlement Administrator; (f) ordered that notice of the proposed settlement be provided to potential Settlement Class Members; (g) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (h) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, only one Class Member submitted an Objection;

**WHEREAS**, only one Class Member submitted a Request for Exclusion;

**WHEREAS**, the Court conducted a hearing on August 5, 2025, to consider, among other things, (a) the Objection(s) to the Settlement; (b) whether the terms and conditions of the Settlement were fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (c) whether Class Counsel's motion for Fee Award and Costs should be granted; (d) whether Class Representatives' motion for Service Award Payment(s) should be granted; and (e)

whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREFORE**, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings had herein connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. **Jurisdiction**: This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents**: This Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on January 24, 2025 (ECF No. 25-1); and (b) the Notice documents filed with the Court on July 23, 2025, as exhibits to the Declaration of Jessie Montague Regarding Settlement Administration (ECF No. 30-2).

3. **Class Certification for Settlement Purposes**: The Court affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all individuals who were sent notification by Defendant that their personal information was or may have been compromised in the Data Incident. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of

3

their direct families; (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers and directors; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

    4.    **<u>Adequacy of Representation</u>**: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court affirms its determinations in the Preliminary Approval Order certifying Plaintiffs and Class Representatives for the Settlement Class and appointing Class Counsel to serve as counsel for the Settlement Class. Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

    5.    **<u>Notice</u>**: The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payment(s), (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a

Service Award Payment(s), (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

  6. **Objection**: The Court finds that the sole objection's assertion that the settlement payment amount is too low is an improper basis for objecting because the class member may opt out of the settlement and seek a potentially higher individual recovery.

  7. **Exclusion**: One Class Member, Diane Beamish, submitted a Request for Exclusion. She is therefore excluded from the Class and is not bound by the terms of the Settlement.

  8. **Final Settlement Approval and Dismissal of Claims**: Pursuant to, and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Court fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the amount of the Settlement Fund; the Releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

9. Upon the Effective Date, the Action shall be, and hereby is dismissed with prejudice in its entirety as to the Defendant, with each party to bear their own costs and attorney's fees, except as provided in the Settlement Agreement, and all of the claims of the Settlement Class Members shall be, and hereby are, dismissed and released pursuant to the Settlement Agreement.

10. **Attorney's Fees, Expenses and Class Representative Service Awards**: The Court grants Plaintiffs' Motion for Attorney's Fees, Reimbursement of Expenses, and Class Representative Service Awards (ECF No. 29). The Court awards Class Counsel $183,333.33 in attorney's fees and reimbursement of expenses of $14,259.34 to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement is fair and reasonable. The Court awards the Class Representatives, Rebecca Richardson, Vail Pinkston McCall, and Viomar Sena, $5,000.00 each to be paid according to the terms of the Settlement Agreement. The award is justified based on their service to the Class.

11. **Binding Effect**: The terms of the Settlement Agreement and this Order shall be forever binding on Defendant, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submitted a Claim Form or seeks or obtains a distribution or benefits from the Net Settlement Fund), as well as their respective successors and assigns.

12. **Releases**: The releases set forth in the Settlement Agreement are expressly incorporated herein in all respects. The releases are effective as of the Effective Date. Accordingly, this Court orders that, upon the Effective Date, and in

consideration of the Settlement benefits described in the Settlement Agreement, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims.

13. Notwithstanding Paragraph 12 above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

14. **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

15. **No Admissions**: This Order, and the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by the Defendant of any liability, claim or wrongdoing in this Action or in any other proceeding.

16. **Retention of Jurisdiction**: Without affecting the finality of this Order in any way, the Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) Class Counsel's motion for a Fee Award and Costs; (d) Class Representatives' motion for a Service Award Payment(s); and (e) the Settlement Class Members for all matters relating to the Action.

17. **Modification of the Agreement of Settlement**: Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement**: If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendant.

19. **Entry of Judgment**: There is no just reason for delay of entry of this Order as a final judgment in this Action. Accordingly, the Clerk of the Court is directed to immediately enter Judgment and terminate this Action and the other member cases.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**